IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KEVIN SPENCER, an individual,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>HARLEY-DAVIDSON, INC., a corporation and HARLEY-DAVIDSON MOTOR COMPANY, INC., a corporation, and ENTITIES I through X,<br><br>　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING BWI NORTH AMERICA, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Case No. 2:16-cv-00427-DN<br><br>District Judge David Nuffer |

Defendant BWI North America, Inc. ("BWI"), a Delaware corporation, filed a Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] Plaintiff opposes the Motion to Dismiss.[2] BWI replies in support.[3] The parties' memoranda and supporting documentation have been carefully reviewed. For the reasons set forth below, the Motion to Dismiss is denied.

---

[1] BWI North America, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss"), docket no. 54, filed June 12, 2017.

[2] Plaintiff's Opposition to BWI North America, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint ("Opposition"), at 8, docket no. 68, filed July 11, 2017.

[3] Defendant BWI North America, Inc.'s Reply in Support of its Motion to Dismiss Plaintiff's First Amended Complaint ("Reply"), docket no. 71, filed July 25, 2017.

BACKGROUND ........................................................................................................................ 2
DISCUSSION ......................................................................................................................... 4
   Personal Jurisdiction Over BWI is Proper ....................................................................... 4
      General personal jurisdiction over BWI is lacking. ..................................................... 6
      Plaintiff has made a prima facie showing that Utah may exercise specific personal
      jurisdiction over BWI in this case. ................................................................................ 7
      Exercising jurisdiction over BWI does not offend traditional notions of fair play and
      substantial justice. ...................................................................................................... 10
   Plaintiff's Claims Are Adequately Pled ........................................................................... 11
      Strict Product Liability ................................................................................................ 12
      Negligence .................................................................................................................. 13
      Breach of Express Warranty ....................................................................................... 14
      Breach of Implied Warranty of Merchantability ......................................................... 15
      Breach of Implied Warranty of Fitness for a Particular Purpose .............................. 16
   Plaintiff's Claims Are Not Barred by the Utah Products Liability Act's Two-Year Statute of
   Limitations ......................................................................................................................... 16
ORDER .................................................................................................................................. 19

# BACKGROUND

On May 13, 2014, Plaintiff, a police officer with the Salt Lake Unified Police Department, was injured in a crash during a training drill ("Crash") when he applied the brakes while riding his department-issued 2011 Harley-Davidson Electra Glide Police Edition motorcycle ("Motorcycle").[4] Plaintiff claims the Motorcycle was defective and caused the crash because (1) the front and rear wheels locked when he applied the brakes;[5] (2) the anti-lock brake system ("ABS") did not engage and did not prevent the wheels from locking when he applied the

---

[4] First Amended Complaint ("Amended Complaint"), at ¶¶ 13, 14, 47, docket no. 32, filed April 26, 2017.

[5] *Id.* at ¶ 51.

brakes;[6] and (3) at the time of the accident, there were no active warning lights or other indications the ABS was not working[7] (collectively, the "Defects"). Plaintiff maintains that on many other occasions when he similarly applied the brakes on the Motorcycle, the ABS performed properly and prevented the wheels from locking.[8] He further asserts that the Crash would not have occurred had the ABS or a warning system functioned properly.[9]

Plaintiff filed his original Complaint in Utah state court on April 25, 2016, naming as defendants: Harley-Davidson, Inc.; Harley-Davidson Motor Company, Inc. (collectively "Harley"); and Entities I through X.[10] On May 20, 2016, Harley removed the case to federal court.[11]

In the course of discovery, Harley responded to interrogatories stating that it and Delphi Automotive Systems, LLC; Delphi Automotive, PLC; Delphi Automotive, LLP (collectively "Delphi") were involved in the manufacturing of the ABS on the Motorcycle, and that Delphi is now known as BWI.[12] On April 26, 2017, Plaintiff filed a First Amended Complaint, naming Delphi and BWI as defendants.[13] In his Amended Complaint, Plaintiff identifies Delphi and BWI as the "Manufacture [sic] Defendants."[14] Plaintiff contends the Manufacture Defendants were included and identified as Entities I through X in his original Complaint.[15]

---

[6] *Id*. at ¶ 50.

[7] *Id*. at ¶ 52.

[8] *Id*.

[9] *Id*. at ¶ 54.

[10] Motion to Dismiss at 3; Amended Complaint at ¶ 34.

[11] Notice of Removal, docket no. 2, filed May 20, 2016.

[12] Amended Complaint at ¶¶ 27-29.

[13] *Id*.

[14] *Id*. at ¶ 11.

[15] *Id*. at ¶ 34.

On June 12, 2017, BWI filed a Motion to Dismiss, arguing (1) Plaintiff's allegations are insufficient to establish personal jurisdiction; (2) the Amended Complaint is devoid of facts to support Plaintiff's claims against BWI; and (3) Plaintiff's claims are barred by the relevant statute of limitations.[16]

## DISCUSSION

## Personal Jurisdiction Over BWI is Proper

BWI argues that Plaintiff's claims should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction.[17] "The [p]laintiff bears the burden of establishing personal jurisdiction over the defendant."[18] "When a district court rules on a [Fed. R. Civ. P. 12(b)(2)](...) motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion."[19] Thus, "[i]n the preliminary stages of litigation . . . the plaintiff's burden is light."[20] "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits."[21] And all conflicting affidavits and factual disputes are resolved in the plaintiff's favor.[22]

---

[16] Motion to Dismiss.

[17] Motion to Dismiss at 18.

[18] *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (internal quotations omitted).

[19] *Id.*

[20] *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

[21] *Id*. (internal quotations omitted).

[22] *Id.*

4

Additionally, "[a] court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue or personal jurisdiction."[23] "By considering documents outside the pleadings . . . the Court does not convert the motion into one for summary judgment."[24]

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment."[25] Utah's long-arm statute authorizes "jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution."[26] Consequently, there is no need to "conduct a statutory analysis apart from the due process analysis."[27]

"[T]o exercise [personal] jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'"[28] There are two recognized types of personal jurisdiction that may allow this case to proceed in this district—specific and general jurisdiction.

---

[23] *1-800-Contacts, Inc. v. Memorial Eye, PA*, No. 2:08-cv-00983-TS, 2009 WL 1586654, *1 n.1 (D. Utah June 4, 2009).

[24] *Id.*

[25] *ClearOne Commc'ns,* 643 F.3d at 763 (10th Cir.2011).

[26] Utah Code § 78B–3–201(3).

[27] *ClearOne Commc'ns,* 643 F.3d at 763 (quoting *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010)).

[28] *Dudnikov*, 514 F. 3d at 1070 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

**General personal jurisdiction over BWI is lacking.**

"[A] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."[29] "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose [general] jurisdiction there."[30] For a corporation, "the place of incorporation and the principal place of business are paradigm bases for general jurisdiction."[31] "Those affiliation have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable."[32] However, the exercise of general jurisdiction is not completely limited to the paradigm forums.[33] In exceptional cases, a corporate defendant's operations in another forum may be so substantial and of such a nature as to render the corporation at home in that state.[34]

Plaintiff alleges that BWI's place of incorporation is Delaware, and that BWI regularly conducts business in the State of Utah.[35] But Plaintiff fails to allege the location of BWI's principal place of business and fails to alleges facts to demonstrate that BWI's operations in Utah are so substantial and of such a nature as to render BWI at home in Utah. Regularly conducting business in a state does not equate to being at home in that state.[36] If merely conducting regular business activities in Utah sufficed to allow Utah to exercise general personal jurisdiction over

---

[29] *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotations omitted).

[30] *Id*. at 137.

[31] *Id*. (internal quotations and punctuation omitted).

[32] *Id*.

[33] *Daimler AG*, 571 U.S. at 137-38.

[34] *Id*.

[35] Amended Complaint ¶ 9.

[36] *Daimler AG*, 571 U.S. at 138-39.

6

BWI, the same reach would presumably be available in every other state BWI conducts business, or with any other foreign company that conducts business in Utah. "Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit."[37] Therefore, the facts alleged do not support the exercise of general personal jurisdiction over BWI. Plaintiff has failed to make a prima facie showing of general personal jurisdiction.

Moreover, Plaintiff's Opposition to BWI's Motion to Dismiss includes no argument that general personal jurisdiction over BWI is applicable in this case. Plaintiff instead argues only for the application of specific personal jurisdiction over BWI.[38] Effectively, Plaintiff concedes that general personal jurisdiction over BWI is lacking.

**Plaintiff has made a prima facie showing that Utah may exercise specific personal jurisdiction over BWI in this case.**

"Specific [personal] jurisdiction . . . depends on an affiliation between the forum and the underlying controversy[.]"[39] For specific jurisdiction, the "minimum contacts" standard requires, "first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities."[40]

The "purposeful direction" doctrine is to ensure that an out-of-state defendant is not required to defend in a forum state on the basis of "random, fortuitous, or attenuated

---

[37] *Id.* at 139 (internal quotations omitted).
[38] Opposition at 13-18.
[39] *Goodyear Dunlop Tires Ops., SA v. Brown*, 564 U.S. 915, 919 (2011) (internal quotations omitted).
[40] *Dudnikov*, 514 F.3d at 1071.

7

contacts[.]"[41] The focus of the analysis is on "the relationship among the defendant, the forum, and the litigation," not the relationship between the defendant and the plaintiff or other third parties within the forum.[42] In other words, while "a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties . . . a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for [specific personal] jurisdiction."[43] "In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum."[44] "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the States."[45]

"The Tenth Circuit has not conclusively established a method to determine whether a claim 'arise[s] out of' a non-resident defendant's forum-related conduct, but has identified two possible tests that courts may employ."[46] "The first is a 'but-for' causation test and the second is characterized as a 'proximate cause' test."[47]

> Under the former approach, any event in the causal chain leading to the plaintiff's injury is sufficiently related to the claim to support the exercise of specific jurisdiction. The latter approach, by contrast, is considerably more restrictive and calls for courts to examine[] whether any of the defendant's contacts with the forum are relevant to the merits of the plaintiff's claim.[48]

---

[41] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

[42] *Walden v. Fiore*, 134 S.Ct. 1115, 1121-22 (2014) (internal quotations omitted).

[43] *Id*. at 1123.

[44] *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S.Ct. 1773, 1781 (2017) (internal quotations and punctuation omitted).

[45] *Id*.

[46] *Younique, LLC v. Youssef,* Case No. 2:15–cv–00783–JNP–DBP, 2016 WL 6998659, *4 (citing *Dudnikov*, 514 F.3d at 1078) (D. Utah Nov. 30, 2016).

[47] *Id*. (citing *Dudnikov*, 514 F.3d at 1078).

[48] *Dudnikov*, 514 F.3d at 1078 (internal quotations omitted).

But "both tests require a 'true causal element' between defendants' forum contacts and the litigation."[49]

Plaintiff alleges that BWI is a Delaware corporation that regularly conducts business in the state of Utah.[50] In contrast, BWI asserts that it does not regularly conduct business or have an office in Utah.[51] But, a defendant does not need to be "physically present in the forum, so long as the foundational activities of the underlying action arise out of or relate to the contacts."[52]

Harley, in response to Plaintiff's interrogatories, stated that Delphi was involved in the manufacture of the ABS on the Motorcycle and that Delphi is now known as BWI.[53] Plaintiff alleges BWI knowingly and purposely ships ABS components and other motorcycle-related products to Utah.[54] Plaintiff also alleges that BWI and Harley worked together in "designing, manufacturing, programming, distributing, and marketing said components of the ABS on the Motorcycle."[55] Specifically, BWI and the other Manufacture Defendants "design, manufacture, and market ABS for motorcycles, including the Motorcycle at issue in this case, for use by police officers in several states, including Utah."[56] Moreover, Plaintiff alleges, BWI and Delphi, together with Harley, knowingly and purposefully shipped the Motorcycle, equipped with their

---

[49] *Express Servs., Inc. v. King*, No. CIV-15-1181-R, 2016 WL 3172911, *9 (W.D. Okla. June 6, 2016) (quoting *Newsome v. Gallacher*, 722 F.3d 1257, 1269 (10th Cir. 2013)).

[50] Amended Complaint at ¶ 9.

[51] Motion to Dismiss at 18.

[52] *Tombstone Exploration Corp. v. Eurogas Inc., et al*, 2:15-cv-195-DN, 2015 WL 5883327, at *5 (D. Utah October 8, 2015).

[53] Amended Complaint ¶¶ 27-29.

[54] *Id*. at ¶ 37.

[55] *Id*. at ¶32.

[56] *Id*. at ¶38.

ABS, to Utah and advertised and promoted motorcycles in Utah, including with the Salt Lake Unified Police Department.[57]

BWI in its Motion to Dismiss argues that Plaintiff does not (1) allege any further details or facts supporting the assertion that Delphi is now known as BWI or (2) confirm that BWI was involved in the manufacture of the products at issue in this case.[58] But BWI does not refute that it was involved in the manufacturing or design of components of the ABS. Indeed, BWI states "the mere fact that one of its products ended up in Utah is insufficient to exercise specific personal jurisdiction over BWI."[59]

Because Plaintiff need only make a prima facie showing of specific personal jurisdiction at this stage, and all factual disputes must be decided in Plaintiff's favor,[60] Plaintiff has sufficiently alleged conduct on the part of BWI that was purposefully directed at Utah, *i.e.*, the manufacture, design, and marketing of ABS for motorcycles, including the Motorcycle, for use by police officers in Utah. Plaintiff has also sufficiently alleged that his injuries arise out of BWI's forum-related activities, *i.e.*, that the Defects in the ABS caused the Crash and Plaintiff's injuries. Therefore, Plaintiff has made a prima facie showing that Utah may exercise specific personal jurisdiction over BWI in this case.

**Exercising jurisdiction over BWI does not offend traditional notions of fair play and substantial justice.**

The second prong of the due process analysis looks to "whether the exercise of personal jurisdiction over the defendant[s] offends traditional notions of fair play and substantial

---

[57] *Id.* at ¶ 46.

[58] Motion to Dismiss at 12.

[59] Reply at 2.

[60] *Taylor* at 431.

justice."[61] The defendant "bears the burden of presenting a compelling case that the presence of some other considerations would render jurisdiction unreasonable."[62] When determining fair play and substantial justice, the following can be considered: "(1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies."[63]

Relying on these factors, BWI has failed to present a compelling case that exercising specific personal jurisdiction would be unreasonable. First, BWI does not indicate that litigating this case in Utah is burdensome. Second, Plaintiff is a resident of Utah; BWI is an out-of-state corporation; and states have an interest in providing a forum in which their residents can seek redress for injuries caused by out-of-state actors. Third, the federal district court in Utah is a convenient and effective forum for Plaintiff. Finally, social policy interests of other states are not at issue because Utah law applies to this case.

Because BWI bears the burden[64] and it fails to adequately address the fair play and substantial justice analysis, the second prong of the due process analysis is satisfied.

### Plaintiff's Claims Are Adequately Pled

BWI argues that Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) because they are inadequately pled. A defendant is entitled to dismissal under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim for which relief may be

---

[61] *Buck,* at *6, 2014 WL 4628603.

[62] *ClearOne Commc'ns,* 643 F.3d at 764 (quoting *Employers Mut. Cas.*, 618 F.3d at 1161).

[63] *Id.*

[64] *ClearOne Commc'ns,* 643 F.3d at 764 (quoting *Employers Mut. Cas.*, 618 F.3d at 1161).

11

granted.[65] When considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts in the complaint is presumed, but conclusory allegations need not be considered.[66] And a court is not bound to accept the complaint's legal conclusions and opinions, even if they are couched as facts.[67]

Therefore, in order to survive a 12(b)(6) motion, Plaintiff must "nudge[] [its] claims across the line from conceivable to plausible . . . ."[68] The Supreme Court has stated that the plaintiff is not required to present detailed factual allegations, but the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[69]

The following alleged facts, viewed in the light most favorable to Plaintiff, are sufficient to justify a denial of BWI's Motion to Dismiss.

**Strict Product Liability**

Utah applies a three-part test to establish a claim of strict product liability: a plaintiff must show "(1) that the product was unreasonably dangerous due to a defect or defective condition, (2) that the defect existed at the time the product was sold, and (3) that the defective condition was a cause of the plaintiff's injuries."[70] A product is "unreasonably dangerous" if, at the time of sale by the manufacturer, the product "was dangerous to an extent beyond which would be contemplated by the ordinary and prudent buyer, consumer, or user of that product in that community considering the product's characteristics, propensities, risks, dangers, and uses

---

[65] See *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[66] See *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[67] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).

[68] *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570.

[69] *Ashcroft v. Iqbal*, 556 U.S. at 678 (internal quotations omitted).

[70] *Brown v. Sears, Roebuck & Co.*, 328 F.3d 1274, 1279 (10th Cir. 2003) (quoting *Burns v. Cannondale Bicycle Co.*, 876 P.2d 415, 418 (Utah Ct. App. 1994)).

together with any actual knowledge, training or experience possessed by that particular buyer, user or consumer."[71]

Plaintiff alleges the Manufacture Defendants, including BWI, were involved in the manufacture of certain components of the Motorcycle's ABS—specifically, the design; manufacturing; programming; distributing; and marketing of components of the ABS.[72] In Plaintiff's first claim for relief, he alleges that at the time Defendants, including BWI, placed the Motorcycle into the stream of commerce, it was defective and unreasonably dangerous—specifically, there were no warnings to alert Plaintiff if there was a problem with the ABS, nor did Plaintiff have a reason to believe the ABS would fail without warning.[73] Plaintiff claims that had a warning system functioned properly, the Crash would not have occurred and Plaintiff would not have suffered injuries.[74] These specific manufacturing defects of the Motorcycle and the ABS are sufficient to state a claim for strict product liability against BWI.

**Negligence**

A plaintiff claiming negligence in a products liability context, "must prove the ordinary elements of negligence, duty, breach, causation, and damages."[75] As stated above, Plaintiff alleges the Manufacture Defendants, including BWI, were involved in the manufacture of certain components of the Motorcycle's ABS.[76] In Plaintiff's second claim for relief, he alleges Defendants undertook a duty by producing motorcycles, and the ABS on those motorcycles, and

---

[71] Utah Code Ann. § 78B-6-702; Utah Code Ann. § 78B-6-703(1).

[72] Amended Complaint at ¶¶ 31-32.

[73] *Id*. at ¶¶ 50, 60-62.

[74] *Id*. at ¶¶ 54, 56-58.

[75] *Niemela V. Imperial Mfg., Inc.*, 263 P.3d 1191, 1198 (Utah Ct. App. 2011).

[76] Amended Complaint at ¶¶ 31-32.

placing them into the stream of commerce.[77] Plaintiff alleges that Defendants breached this duty by failing to conduct adequate testing to determine the tendency for the ABS to malfunction or work improperly, and by failing to program the ABS computer to properly detect and warn of a malfunction.[78] Plaintiff also alleges that these acts and omissions constitute negligence, and were the proximate cause of his injuries and damages.[79] Plaintiff's allegations are sufficient to state a claim for negligence against BWI.

**Breach of Express Warranty**

To be entitled to recover under a breach of express warranty, Plaintiff must establish the following: (1) that Defendants made an express warranty about the good that became part of the basis of the parties' bargain upon which Plaintiff relied, (2) that the good did not conform to this warranty, resulting in a defective and unreasonable dangerous condition, (3) that Plaintiff was harmed, (4) that the defective condition and failure of the good to confirm to the warranty was a cause of Plaintiff's harm, and (5) Plaintiff could have reasonably been expected to use or be affected by the good.[80]

Plaintiff alleges the Manufacture Defendants promoted and advertised the ABS as a safety device that increases rider control of the motorcycle by preventing the wheels from locking.[81] The Amended Complaint also alleges the Defendants expressly warranted that the Motorcycle and ABS were free from defects. Plaintiff further alleges that the Motorcycle and ABS contained the Defects in breach of Defendants' express warranty, which was the proximate

---

[77] *Id*. at ¶ 69.

[78] *Id*. at ¶¶ 73-74.

[79] *Id*. at ¶ 76.

[80] MUJI 2d CV1029, *see also* Utah Ann. § 70A-2-313.

[81] Amended Complaint at ¶ 44.

cause of Plaintiff's injuries.[82] These allegations are sufficient to state a plausible claim for breach of express warranty against BWI.

**Breach of Implied Warranty of Merchantability**

"A warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."[83] To establish a claim for breach of the implied warranty of merchantability, Plaintiff must show that Defendants, as merchants, sold a good which did not meet one of the standards of merchantability: (1) passes without objection; (2) is of fair average quality; (3) is fit for ordinary purposes; (4) is of even kind, quality and quantity; (5) is adequately contained, packages and labeled; or (6) conforms to promises on the packaging.[84]

Plaintiff alleges that Defendants, including BWI, are merchants with respect to the Motorcycle and the ABS. [85] Plaintiff asserts that Defendants implicitly warranted that the Motorcycle and ABS were fit for ordinary purposes and free from defects, when in fact they contained the Defects.[86] Plaintiff further asserts the Manufacture Defendants and Harley knowingly and purposefully shipped the Motorcycle, equipped with the ABS, to Utah and advertised and promoted the Motorcycle in Utah, including with the Salt Lake Unified Police Department.[87] Plaintiff has adequately pleaded the elements of a claim for breach of the implied warranty of merchantability.

---

[82] *Id*. at ¶¶ 81-84.

[83] Utah Ann. § 70A-2-314.

[84] *Id.*

[85] *Id*. at ¶¶ 86-88.

[86] *Id*. at ¶¶ 81-82, 86-88.

[87] *Id*. at ¶ 46.

15

**Breach of Implied Warranty of Fitness for a Particular Purpose**

For breach of the implied warranty of fitness, Plaintiff must show that Defendants had reason to know, (1) the particular purpose for which the good would be used, (2) Plaintiff relied on Defendants' judgment to select a suitable good for that purpose, and (3) the good provided was unfit for that purpose.[88]

Plaintiff alleges the Manufacture Defendants, including BWI, promoted and advertised the ABS as a safety device that increases rider control by preventing the wheels from locking.[89] Plaintiff further alleges that Defendants had reason to know the particular purpose for which the Motorcycle and the ABS would be used, and that Plaintiff relied on Defendants' skill and judgment to provide a suitable product.[90] Plaintiff also alleges that Defendants breached the implied warranty of fitness for a particular purpose because the Defects in the Motorcycle and ABS were not fit for the particular purpose for which it was used by Plaintiff.[91] Viewing these allegations in a light most favorable to Plaintiff, Plaintiff has sufficiently stated a claim for breach of the implied warranty of fitness against BWI.

**Plaintiff's Claims Are Not Barred by the Utah Products Liability Act's  
Two-Year Statute of Limitations**

In its Motion to Dismiss, BWI asserted that the two-year statute of limitations expired on Plaintiff's claim because BWI is a new party and, thus, the Amended Complaint does not, as to BWI, relate back to the original Complaint.[92] In response, Plaintiff argued that whether the Amended Complaint relates back under Fed. R. Civ. P. 15(c) is irrelevant, because the Amended

---

[88] Utah Ann. § 70A-2-315.

[89] Amended Complaint at ¶ 44.

[90] *Id*. at ¶¶ 91-92.

[91] *Id*. at ¶¶ 93-96.

[92] Motion to Dismiss at 1.

16

Complaint was filed within the applicable statute of limitations.[93] Plaintiff maintains that until the filing of the original complaint, on April 22, 2016, the statute of limitations had not begun to run as to BWI because Plaintiff exercised reasonable diligence in attempting to identify BWI's involvement in the manufacture of the ABS system."[94] In its Reply, BWI contends that Plaintiff has not established the reasonable diligence required under the Utah Products Liability Act ("UPLA") to toll the statute of limitations.[95]

"[A] federal court, sitting in diversity cases and administering state law, must apply . . . substantive law of the forum state . . . ."[96] The relevant statute of limitations is drawn from the UPLA.[97] The UPLA provides that "[a] civil action under this part shall be brought within two years from the time the individual who would be the claimant in the action discovered, or in the exercise of due diligence should have discovered, both the harm and its cause."[98] The Utah Supreme Court has interpreted this statute of limitations to encompass "all actions seeking money damages for injury to people or property resulting from defective products."[99] Because each of Plaintiff's claims seeks money damages for Plaintiff's injuries resulting from the allegedly defective Motorcycle and ABS, the two-year UPLA statute of limitations applies in this case.

---

[93] Opposition at 8.

[94] Opposition at 6-7.

[95] Reply at 6.

[96] *Walker v. Armco Steel Corp.*, 592 F. 2d 1133, 1134 (10th Cir. 1979).

[97] *See* Utah Code § 78B-6-706.

[98] *Id*.

[99] *Utah Local Government Trust v. Wheeler Machinery Co.,* 199 P.3d 949, 951 (Utah 2008*)*.

BWI argues that the statute of limitations began to run on May 13, 2014, the date of the Crash, and expired on May 13, 2016.[100] Because Plaintiff did not name BWI as a defendant until his Amended Complaint, filed on April 26, 2017, BWI contends that the statute of limitations expired and Plaintiff's claims against BWI are time-barred.[101]

Plaintiff argues that BWI was included and identified in the Entities I through X in the original Complaint.[102] Plaintiff argues "despite the exercise of reasonable care, Plaintiff did not discover (and could not reasonably have discovered) the identity of BWI until less than 2 years prior to his filing of the First Amended Complaint."[103] Plaintiff asserts he acted reasonably and was unable to identify the manufacturer of the brake system until after the filing of the lawsuit, when Harley responded to interrogatories.[104] Therefore, Plaintiff contends his claims against BWI are not time-barred.

In its Reply, BWI argues that Plaintiff did not exercise reasonable diligence as required by the UPLA in ascertaining BWI's identity.[105] BWI states that Plaintiff knew there were other potential defendants and waited almost two years to sue Harley and then merely asked Harley to identify the entities involved in the manufacture of the brake system.[106] In support of its argument, BWI cites *Pratt v. Cavagna North America, Inc.* and *Griffiths-Rast v. Sulzer Spine*

---

[100] Motion to Dismiss at 9.

[101] Motion to Dismiss at 9-11.

[102] Amended Complaint ¶ 34.

[103] Opposition at 2.

[104] *Id*. at 7.

[105] Reply at 6.

[106] *Id*. at 6.

*Tech*, two cases resolved on motions for summary judgment, not on a motion to dismiss. The standard of review is different on a summary judgment motion.[107]

On this issue, BWI's Motion to Dismiss turns on whether Plaintiff exercised due diligence in attempting to discover the identity of BWI as a manufacturer of the Motorcycle's ABS. This is a fact issue. Plaintiff claims he exercised reasonable diligence.[108] He stated that prior to getting discovery responses from Harley, he "was unable to learn of BWI's involvement."[109]

Fact-sensitive issues are approached with hesitation on Motions to Dismiss. And more facts are needed to determine whether Plaintiff exercised reasonable diligence. As a result, the statute of limitations does not, at this stage, bar Plaintiff's claims.

### ORDER

THEREFORE, IT IS HEREBY ORDERED that BWI's Motion to Dismiss[110] is DENIED.

Dated August 18, 2018.

BY THE COURT:

_David Nuffer_
David Nuffer
United States District Judge

---

[107] *Pratt v. Cavagna North America, Inc.,* No. 213-CV-107, 2013 WL 6146075 (D. Utah 2013); *Griffiths-Rast v. Sulzer Spine Tech*, 216 F. Appx. 790 (10th Cir. 2007).

[108] Opposition at 7.

[109] *Id*. at 6.

[110] Docket no. 54, filed June 12, 2017.