IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KEVIN SPENCER,<br><br>                      Plaintiff,<br><br>v.<br><br>HARLEY-DAVIDSON, INC.; HARLEY-DAVIDSON MOTOR COMPANY, INC.; DELPHI AUTOMOTIVE SYSTEMS, LLC; DELPHI AUTOMOTIVE, PLC; DELPHI AUTOMOTIVE, LLP; BWI NORTH AMERICA, INC.; and ENTITIES I–X,<br><br>                      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DELPHI AUTOMOTIVE SYSTEMS LLC'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:16-cv-00427-DN<br><br>District Judge David Nuffer |

Defendant Delphi Automotive Systems LLC ("DAS LLC") has filed a motion (the "Motion")[1] for summary judgment under Fed. R. Civ. P. 56(a) against Plaintiff Kevin Spencer. Because there is no genuine dispute as to any material fact and DAS LLC is entitled to judgment as a matter of law, the Motion is GRANTED.

---

[1] Delphi Automotive Systems, LLC's F.R.C.P. 56 Motion for Summary Judgment ("Motion"), docket no. 79, filed October 3, 2017; *see* Plaintiff's Opposition to Delphi Automotive Systems, LLC's Motion for Summary Judgment ("Opposition"), docket no. 91, filed under seal November 16, 2017; Delphi Automotive Systems, LLC's Combined Reply in Support of Motion for Summary Judgment and Opposition to Plaintiff's Rule 56(d) Motion ("Reply"), docket no. 102, filed December 22, 2017. Consideration of the Motion was stayed until December 19, 2018, to allow Spencer to conduct and complete discovery related to the Motion under Fed. R. Civ. P. 56(d). *See* Docket Text Order, docket no. 119, filed August 21, 2018. Although Spencer was given until January 16, 2019, to "file a renewed response to" the Motion, *see id.*, Spencer has failed to file any additional document or produce any additional evidence in response to the Motion.

# TABLE OF CONTENTS

Undisputed material facts ...................................................................................................... 2
    Procedural history ............................................................................................................ 2
    Transactional history ....................................................................................................... 3
Discussion ............................................................................................................................ 6
    Spencer's claims against DAS LLC fail for lack of personal jurisdiction. ....................... 7
        General jurisdiction is lacking. .................................................................................. 8
        Specific jurisdiction is lacking. .................................................................................. 9
Order ................................................................................................................................... 10

# UNDISPUTED MATERIAL FACTS

Based on the record and evidence presented, there is no genuine dispute as to any of the following material facts.

## Procedural history

On or about April 22, 2016, Plaintiff Kevin Spencer commenced this action against Defendants Harley-Davidson Inc. and Harley-Davidson Motor Company Inc. (individually and collectively, "Harley-Davidson")[2] in the Third Judicial District Court of the State of Utah.[3] Harley-Davidson timely removed the action to federal court on diversity grounds.[4] On April 26, 2017, Spencer filed an amended complaint naming four additional defendants: Delphi Automotive Systems LLC ("DAS LLC"), Delphi Automotive LLP ("DA LLP"), Delphi Automotive PLC ("DA PLC"), and BWI North America Inc. ("BWI").[5]

---

[2] Harley-Davidson Inc. and Harley-Davidson Motor Company Inc. were improperly named as defendant instead of Harley-Davidson Motor Company Group LLC ("Harley-Davidson"). *See* Order Granting Stipulated Motion for Dismissal with Prejudice, at 1 ("Order Dismissing Harley-Davidson"), docket no. 112, filed January 22, 2018; Harley-Davidson Motor Company Group, LLC's Answer and Affirmative Defenses to Complaint, at 1-2, docket no. 9, filed June 9, 2016.

[3] Complaint and Jury Demand, docket no. 2-3, filed May 20, 2016. "Entities I through X" were also named as defendants.

[4] Notice of Removal of Action Under 28 U.S.C. §§ 1332(a) and 1441(b) – Diversity, docket no. 2, filed May 20, 2016.

[5] First Amended Complaint and Jury Demand ("Amended Complaint"), docket no. 32, filed April 26, 2017.

The amended complaint asserts five claims for relief against all defendants: (1) strict products liability, (2) negligence, (3) breach of express warranties, (4) breach of the implied warranty of merchantability, and (5) breach of the implied warranty of fitness for a particular purpose.[6] Each of these claims "arises out of a single-vehicle accident that occurred on May 13, 2014[,] when the anti-lock brake system ('ABS') failed . . . on a 2011 Harley-Davidson" motorcycle, which injured Spencer.[7]

Presently, Spencer's claims against Harley-Davidson have been dismissed with prejudice.[8] His claims against DA LLP and DA PLC have been dismissed without prejudice.[9] Only his claims against DAS LLC and BWI remain. His claims against DAS LLC, which are the subject of this Motion, are based on the premise that DAS LLC was "involved in the manufacture of certain components of the ABS" module on Spencer's motorcycle ("Spencer's Module"),[10] and "worked . . . with Harley-Davidson in designing, manufacturing, programming, [testing,] distributing, and marketing said components."[11]

**Transactional history**

In 1994, General Motors Corporation formed Automotive Components Group, which was renamed Delphi Automotive Systems the following year.[12] In 1999, Delphi Automotive Systems

---

[6] *See id.* at 9-15.

[7] *Id.* ¶ 13.

[8] Order Dismissing Harley-Davidson, *supra* note 2.

[9] Order Denying Motion to Substitute Parties and Granting Motion to Dismiss Unserved Defendants, docket no. 116, filed May 16, 2018.

[10] Amended Complaint, *supra* note 5, ¶ 31. The Salt Lake Unified Police Department issued the motorcycle to Spencer in connection with his duties as a police officer. *See id.* ¶¶ 14-17.

[11] *Id.* ¶ 32; *see id.* ¶¶ 41, 68, 75; Motion, *supra* note 1, at 14 ¶ 33.

[12] Motion, *supra* note 1, at 7 ¶ 1.

underwent an initial public offering, separated from General Motors, and became an independent publicly held corporation.[13] In 2002, its name was changed to Delphi Corporation ("Old Delphi").[14] And in October 2005, it filed for relief under Chapter 11 of the bankruptcy code.[15]

On July 30, 2009, the bankruptcy court entered an order approving an amended plan of reorganization ("Bankruptcy Order").[16] This plan went into effect on October 6, 2009, when substantially all of Old Delphi's assets were sold under a master disposition agreement ("MDA") to DA LLP[17] and certain affiliated entities (individually and collectively, "New Delphi"), which had been recently formed for the purpose of acquiring Old Delphi's assets.[18] According to the Bankruptcy Order, New Delphi's purchase of Old Delphi's assets under the MDA was made "free and clear . . . of liens, claims, encumbrances, and other interests," "including, but not limited to, Claims otherwise arising under doctrines of successor liability and related theories" or "any products liability or similar Claims" for products manufactured before October 6, 2009.[19]

---

[13] *Id.* ¶ 2.

[14] *Id.* ¶ 3; *see infra* notes 18 and 20 and accompanying text.

[15] Motion, *supra* note 1, at 7 ¶ 4.

[16] Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-in-Possession, as Modified and (II) Confirmation Order ("Bankruptcy Order"), docket no. 79-2, filed October 3, 2017.

[17] In November 2011, DA LLP became a wholly-owned subsidiary of DA PLC, an Isle of Jersey entity formed earlier that year with nominal assets and no liabilities. Motion, *supra* note 1, at 9 ¶¶ 13-14.

[18] *Id.* at 7-8 ¶¶ 6, 9-10. One of these affiliated companies was New Delphi Automotive Systems 1 LLC, which later converted to a corporation under Delaware law and changed its name to Delphi Corporation. *Id.* at 8-9 ¶¶ 9, 12; *see id.* at 14 ¶ 35. This Delphi Corporation—a New Delphi entity—is distinct from and should not be confused with Old Delphi, which had at one time also been called Delphi Corporation. *Id.* at 9 ¶ 12; *see infra* note 20 and accompanying text.

[19] Bankruptcy Order, *supra* note 16, § H(4), at 18-19; *see id.* § 10(a), at 44-45; Motion, *supra* note 1, at 9, 16 ¶¶ 11, 40; *see also* 11 U.S.C. § 363(f) (permitting the sell of property "free and clear of any interest in such property").

The assets that New Delphi acquired under the MDA included the rights to the "Delphi" name.[20] They also included Old Delphi's rights under a master sale and purchase agreement ("MSPA")[21] with BeijingWest Industries Co. Ltd. for the sale of Old Delphi's brake and suspension business unit (including all related intellectual property, management and engineering teams, facilities, and engineering, design, and business records).[22] This unit manufactured ABS modules for Harley-Davidson motorcycles.[23]

On November 1, 2009, New Delphi and BeijingWest Industries Co. Ltd. assigned their interests in the MSPA to DAS LLC and BWI, respectively.[24] Upon doing so, DAS LLC (as "Seller") and BWI (as "Buyer") closed on the transactions contemplated in the MSPA.[25] By so doing, BWI expressly assumed and became liable under the MSPA for all liabilities arising on or after November 1, 2009, related to the acquired assets, which included Old Delphi's brake and suspension business unit.[26]

On October 28, 2010, BWI manufactured Spencer's Module.[27] Old Delphi created the design that BWI used to manufacture Spencer's Module before New Delphi acquired Old

---

[20] Motion, *supra* note 1, at 8 ¶ 7. As a result, a series of name changes were effectuated in connection with the closing of the transactions under the Bankruptcy Order and MDA. For example, Old Delphi's name was changed from Delphi Corporation to DPH Holdings Corp. *Id.* at 8-9 ¶¶ 7-8, 12; *see supra* note 18.

[21] Master Sale and Purchase Agreement Among Delphi Corporation and BeijingWest Industries Co., Ltd. ("MSPA"), docket no. 79-3, filed October 3, 2017.

[22] Motion, *supra* note 1, at 9-10 ¶¶ 15, 19; *see* Opposition, *supra* note 1, at 13 ¶ 2.

[23] Motion, *supra* note 1, at 9-10 ¶¶ 15.

[24] *Id.* at 10 ¶ 16.

[25] Bill of Sale, docket no. 79-4, filed October 3, 2017.

[26] MSPA, *supra* note 21, § 2.2.2; *see supra* note 22 and accompanying text. BWI also promised to "indemnify, defend and hold harmless" DAS LLC "from and against all Indemnifiable Losses actually incurred by" DAS LLC "relating to, resulting from or arising out of . . . the conduct of the Business or the ownership of the Acquired Assets after" November 1, 2009. MSPA, *supra* note 21, § 11.3.1.

[27] Motion, *supra* note 1, at 11-13 ¶¶ 22, 25, 27-28; *see* Reply, *supra* note 1, at 9-10 & n.11.

Delphi's assets under the MDA.[28] DAS LLC did not design, manufacture, market, test, inspect, distribute, or sell Spencer's Module.[29]

Neither DAS LLC nor any of its members is a citizen of Utah.[30] DAS LLC does not have an office in Utah.[31] It does not conduct business in Utah.[32] Rather, it is a Delaware limited liability company, headquartered in Michigan, and a wholly-owned subsidiary of Delphi Financial Holdings LLC and Delphi Holdings LLC—both of which are Delaware limited liability companies held by New Delphi.[33] New Delphi's ultimate parent company is DA PLC.[34]

## DISCUSSION

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[35] A dispute is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either

---

[28] Motion, *supra* note 1, at 13 ¶ 29; *see* Opposition, *supra* note 1, at 9.

[29] Motion, *supra* note 1, at 11, 16 ¶¶ 22, 39. In its response to an interrogatory from Spencer, Harley-Davidson has stated that "Delphi and Harley-Davidson were involved in the manufacture of the ABS system on the subject motorcycle." Defendant Harley-Davidson Motor Company Group, LLC's Responses to Plaintiff's First Set of Interrogatories and Requests for Production, at 4, docket no. 91-1, filed under seal November 6, 2017. And, in a later deposition, Harley-Davidson's representative testified that an entity referred to as "Delphi" was involved in the development of the ABS system. *See* Deposition of Bryan T. Fulmer, at 130:8-10, 131:17-21, 132:18-133:8, docket no. 91-1, filed under seal November 6, 2017. The undisputed evidence shows that the "Delphi" entity to which Harley-Davidson referred was *Old Delphi*, not DAS LLC. *See* Declaration of James G. Derian ¶¶ 23-24, docket no. 79-1, filed October 3, 2017. Furthermore, there is no evidence that DAS LLC or any other New Delphi entity ever did anything affecting the design of the ABS module, let alone on or between October 6 and November 1, 2009.

[30] *See* Notice Regarding Subject Matter Jurisdiction, docket no. 125, filed March 21, 2019.

[31] Motion, *supra* note 1, at 15 ¶ 37.

[32] *Id.*

[33] *Id.* at 8-9, 14 ¶¶ 9-10, 12-14, 35. Specifically, Delphi Financial Holdings LLC and Delphi Holdings LLC are held by Delphi Corporation, a Delaware corporation previously known as New Delphi Automotive Systems 1 LLC. *Id.* at 8-9, 14 ¶¶ 9, 12, 35.

[34] *Id.* at 9, 14 ¶¶ 12-14, 35; *see supra* notes ¶¶ 17-18, 20, 33 and accompanying text.

[35] FED. R. CIV. P. 56(a).

way."[36] A fact is "material" if "it is essential to the proper disposition of [a] claim."[37] In ruling on a motion for summary judgment, the evidence and all reasonable inferences are viewed in the light most favorable to the nonmoving party.[38]

DAS LLC seeks summary judgment against Spencer for lack of personal jurisdiction, lack of merit, and untimeliness.[39] Because Spencer's claims against DAS LLC fail for lack of personal jurisdiction, it is not necessary to address DAS LLC's alternative arguments.

**Spencer's claims against DAS LLC fail for lack of personal jurisdiction.**

"The [p]laintiff bears the burden of establishing personal jurisdiction over the defendant."[40] "To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment."[41] Utah's long-arm statute authorizes "jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment."[42] In this situation, there is no need to "conduct a statutory analysis apart from the due process analysis."[43]

---

[36] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[37] *Id.*

[38] *Id.*

[39] DAS LLC repeatedly cites to Utah model jury instructions as authority for its arguments in favor of summary judgment. *See, e.g.*, Motion, *supra* note 1, at 15-16, 18, 21-23, 25-26; Reply, *supra* note 1, at 13, 16. This is unhelpful, especially in the summary judgment context, as model jury instructions "are not the final expression of the law" and are not binding. *Introduction*, MODEL UTAH JURY INSTRUCTIONS, SECOND EDITION, https://www.utcourts.gov/resources/muji (last visited Mar. 27, 2019). To assist the court, citations to actual judicial decisions and other controlling authorities are preferred.

[40] *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998) (internal quotation marks omitted).

[41] *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 763 (10th Cir. 2011).

[42] UTAH CODE § 78B-3-201(3).

[43] *ClearOne*, 643 F.3d at 763 (citation and internal quotation marks omitted).

"[T]o exercise [personal] jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'"[44] There are two types of personal jurisdiction: general and specific. With respect to DAS LLC, both types are lacking.[45]

**General jurisdiction is lacking.**

"[A] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."[46] Paradigm forums for general jurisdiction over a company are its place of formation and its principal place of business.[47] With respect to DAS LLC, Utah is not one of these paradigm forums, as it is undisputed that DAS LLC was formed in Delaware and has its principal place of business in Michigan.[48] There is also no evidence that DAS LLC's operations in Utah are so substantial as to render it at home in Utah. Indeed, DAS LLC does not conduct *any* business in Utah.[49] Accordingly, general jurisdiction over DAS LLC is lacking.

---

[44] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[45] Contrary to Spencer, DAS LLC did not waive its personal jurisdiction defense by filing a crossclaim to apportion fault to Harley-Davidson and BWI. It also did not waive personal jurisdiction by engaging in minimal discovery consisting solely of serving a subpoena on BWI and responding to discovery requests from Spencer. *See* Opposition, *supra* note 1, at 13-14. Rather, DAS LLC properly asserted lack of personal jurisdiction as an affirmative defense in its answer to the Amended Complaint. *See* Defendant Delphi Automotive Systems, LLC's Answer to First Amended Complaint, Notice of Reliance on Jury Demand and Cross-Claim, at 11, docket no. 53, filed June 9, 2017.

[46] *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks omitted).

[47] *See id.*

[48] *See supra* notes 31-33; Opposition, *supra* note 1, at 7 (admitting that DAS LLC is a Delaware entity and that it "does not have a place of business within Utah").

[49] *See supra* note 31 and accompanying text.

**Specific jurisdiction is lacking.**

"Specific jurisdiction . . . depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."[50] "In this arena, . . . the 'minimum contacts' standard requires, first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities."[51]

There is no evidence that DAS LLC has any contacts with Utah, performed any activity in Utah, or purposefully directed any activity at residents of Utah. Although Spencer has argued that "there is a good-faith basis to believe [DAS LLC] may have conducted business within Utah" in 2009,[52] there is no evidence to establish this belief as a fact. But even if there were, there is still no evidence that Spencer's injuries arise out of DAS LLC's forum-related activities. Indeed, it is undisputed that DAS LLC had no role in the design, testing, inspection, manufacture, marketing, distribution, or sale of Spencer's Module—let alone in Utah.[53] And

---

[50] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citations and internal quotation marks omitted).

[51] *Dudnikov*, 514 F.3d at 1071 (citation omitted).

[52] Opposition, *supra* note 1, at 7.

[53] While *Old Delphi* created (before November 1, 2009) the design that BWI used to manufacture the ABS module on Spencer's motorcycle (*see supra* note 28), Old Delphi is not DAS LLC (*see supra* note 18), and DAS LLC is not liable for any claim "arising under doctrines of successor liability and related theories" in connection with the sale of Old Delphi's assets under the Bankruptcy Order (*see supra* notes 16-19 and accompanying text). Although Spencer argues that there is a dispute "as to whether [DAS LLC] was a mere continuation of" Old Delphi, Spencer has not produced admissible evidence to establish the presence of a genuine dispute on this point. Opposition, *supra* note 1, at 16-17.

there is likewise no evidence to establish that DAS LLC made a warranty, express or implied, to anyone regarding Spencer's Module—let alone in Utah.[54]

Accordingly, specific jurisdiction over DAS LLC does not exist in Utah, and Spencer's claims against DAS LLC must be dismissed for lack of jurisdiction.

**ORDER**

THEREFORE, IT IS HEREBY ORDERED that the Motion[55] is GRANTED.

IT IS FURTHER HEREBY ORDERED that the Amended Complaint's first (strict products liability), second (negligence), third (breach of express warranties), fourth (breach of implied warranty of merchantability), and fifth (breach of implied warranty of fitness for a particular purpose) claims for relief are DISMISSED without prejudice as against DAS LLC due to the lack of personal jurisdiction.

Signed March 27, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[54] A "seller"—defined as "a person who sells or contracts to sell goods," UTAH CODE § 70A-2-103(1)(d)—makes an express warranty by making or providing an affirmation, promise, description, sample, or model which becomes "part of the basis of the bargain" for the sale of goods. *See id.* § 70A-2-313(1). A seller creates an implied warranty of fitness for a particular purpose if, "at the time of contracting," the seller "has reason to know any particular purpose for which the goods are required and the buyer is relying on the seller's skill or judgment." *Id.* § 70A-2-315. And a seller creates an implied warranty of merchantability "if the seller is a merchant with respect to goods of th[e] kind" at issue. *Id.* § 70A-2-314. DAS LLC did not make any such warranty with respect to Spencer's Module because: (1) DAS LLC does not meet the statutory definition of a "seller" (it did not sell or contract to sell Spencer's Module to anyone); (2) DAS LLC is not "a merchant with respect to goods of that kind"; (3) there is no evidence that DAS LLC made or provided to anyone an affirmation, promise, description, sample, or model that became the basis for the sale of Spencer's Module; and (4) there is no evidence that anyone ever relied on DAS LLC's "skill or judgment" in relation to Spencer's Module.

[55] Docket no. 79, filed October 3, 2017.