IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KEVIN SPENCER,<br><br>Plaintiff,<br><br>v.<br><br>DELPHI AUTOMOTIVE SYSTEMS, LLC; et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-00427-DN-PMW<br><br>District Judge David Nuffer<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge David Nuffer referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant BWI North America, Inc.'s ("BWI") Short Form Discovery Motion to Compel Plaintiff's Supplemental Responses to Requests for Production of Documents ("Motion").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## BACKGROUND

Plaintiff Kevin Spencer ("Plaintiff") initiated this case against Harley-Davidson, Inc. and Harley-Davidson Motor Company, Inc. (collectively, "Harley-Davidson") in Utah state court on

---

[1] *See* docket no. 132.
[2] *See* docket no. 135.

April 25, 2016, for various product liability violations.[3] On May 20, 2016, Harley-Davidson removed the case to federal court.[4] BWI was added as a party on April 26, 2017.[5] BWI responded to the amended complaint with a motion to dismiss.[6] Following briefing, Judge Nuffer denied BWI's motion to dismiss.[7]

On May 8, 2019, BWI served Plaintiff with its first set of discovery requests,[8] which contained eleven (11) interrogatories, twenty (20) requests for production, and eleven (11) requests for admission (hereafter referred to as "Requests for Documents" or "Request(s)"). Plaintiff responded to BWI's Requests for Documents on June 13, 2019.[9]

In the instant Motion, BWI argues Plaintiff improperly responded to BWI's Requests for Documents by not organizing or labeling the responses to correspond to the categories in the Requests. BWI asserts Plaintiff instead blanketly refers to hundreds of previously produced documents—that were produced before BWI was a party to this action—without specifying by bates number or otherwise which documents are responsive to which Requests.[10] Additionally, Plaintiff's responses fail to identify whether new responsive documents to the Requests are available and/or will be produced.[11] BWI asserts the manner through which Plaintiff has responded to BWI's Requests for Documents fails to comply with Rule 34(b)(2)(E)(i) by avoiding the identification of documents that support Plaintiff's claims, and impermissibly

---

[3] *See* docket no. 2-3.
[4] *See* docket no. 2.
[5] *See* docket no. 32.
[6] *See* docket no. 54.
[7] *See* docket no. 118.
[8] *See* docket no. 135-2.
[9] *See* docket no. 135-3.
[10] *See* docket no. 135 at ¶¶ 1-3.
[11] *See id*. at ¶ 4.

requiring BWI to sift through hundreds of documents of previously produced records—placing BWI in a position to guess which documents are responsive to each request.[12]

Plaintiff argues that his responses comply with Rule 34(b)(2)(E)(i) because the documents produced were provided in a form as kept in the usual course of business; and therefore, Plaintiff has met his obligation under Rule 34, and is not required to organize and label his responses or the documents to correspond to categories in the Requests.[13]

BWI also states that Plaintiff agreed to supplement its Requests for Documents No. 1, 5, 10, 16, and 17, but, to date, has failed to do so.[14] Plaintiff asserts that he supplemented his responses to BWI's Requests for Documents No. 1, 5, 10, 16, and 17 on August 13, 2019.[15]

## **ANALYSIS**

Pursuant to Federal Rules of Civil Procedure, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). The purpose of Rule 34(b)(2)(E)(i) is to "facilitate production of records in a useful manner and to minimize discovery costs." *Menard v. Chrysler Group, LLC*, No. 14 CV 6325 VB, 2015 WL 5472724, at *2 (S.D.N.Y. July 2, 2015) (citation and quotation omitted). Likewise, the spirit of Rule 1 requires the court and parties to civil actions to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

---

[12] *See id.* at ¶ 5.
[13] *See* docket no. 136 at 3.
[14] *See id*. at ¶ 5.
[15] *See* docket no. at ¶ 13.

In the present action, Plaintiff's responses to BWI's Requests for Documents make reference to hundreds of previously produced documents provided by Plaintiff in his previous Initial Disclosures and responses to written discovery requests responsive to the Harley-Davidson.[16] Because Plaintiff failed to organize the documents in any way, BWI has no way of knowing whether Plaintiff has complied with its Requests. Plaintiff neither labeled them to correspond with the categories that were in each Request, nor verified that no such additional responsive documents exist. There is no indication that the documents previously produced by Plaintiff were produced as maintained in the ordinary course of business; rather, Plaintiff offers this explanation as to how the responses were organized, not in his initial discovery responses, but for the first time only in response to the instant Motion as justification. The court finds the form of Plaintiff's responses to BWI Requests to be lethargic, elusive, and contrary to proceeding in a just, speedy, and inexpensive fashion. Accordingly, BWI's Motion is granted.

## **CONCLUSION AND ORDER**

Based on the foregoing, Defendant BWI North America, Inc.'s Short Form Discovery Motion to Compel Plaintiff's Supplemental Responses to Requests for Production of Documents[17] is GRANTED.

Plaintiff shall within ten (10) days from the date of this order:

(1) Supplement his responses to BWI's Requests for Production of Documents with appropriate organization and labeling that indicate which documents are responsive to which

---

[16] All claims against Harley-Davidson were dismissed with prejudice on January 22, 2018. *See* docket no. 112.
[17] *See* docket no. 135.

Request;

(2) If no new documents are being produced to BWI's Requests, include a verification statement in the supplemental responses that all responsive documents have been produced;

(3) If new documents will be produced in response to BWI's Requests, describe the documents to be produced and provide a timeline for their production; and

(4) Produce documents responsive to BWI's Requests for Production of Documents nos. 1, 5, 10, 16, and 17, to the extent Plaintiff has not already, in accordance with this order.

**IT IS SO ORDERED.**

DATED this 26th day of November, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge