IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KEVIN SPENCER,<br><br>Plaintiff,<br><br>v.<br><br>HARLEY DAVIDSON, INC.; et al.,<br><br>Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:16-cv-00427-DBB-PMW<br><br>District Judge David Barlow<br><br>Chief Magistrate Judge Paul M. Warner |

This case was referred to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant BWI North America, Inc.'s ("BWI") Short Form Discovery Motion for Leave to Reopen Plaintiff's Deposition.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## BACKGROUND

On April 25, 2016, Plaintiff Kevin Spencer ("Plaintiff") initiated this case against Harley-Davidson, Inc. and Harley-Davidson Motor Company, Inc. (collectively, "Harley-Davidson") for

---

[1] *See* ECF nos. 57, 131, 132, 144.
[2] *See* ECF no. 140.

various product liability violations. Harley-Davidson deposed Plaintiff on September 27, 2016. Seven months later, on April 26, 2017, Plaintiff filed an amended complaint and added BWI as a defendant. The claims brought against BWI, unlike the claims against Harley-Davidson, focus on the design and manufacturing of the ABS unit.

In the instant motion, BWI seeks leave to depose Plaintiff a second time because BWI was not a party to the case when the initial deposition of Plaintiff occurred. Plaintiff does not oppose a second deposition, but requests the scope of the deposition be limited to areas not already explored at the Harley-Davidson deposition and that the deposition be limited to no more than 3 hours and 54 minutes (i.e., seven hours less the time used by Harley-Davidson).

## **DISCUSSION**

The motion before the court relates to discovery. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

Rule 30 of the Federal Rules of Civil Procedure provides that a party must obtain leave of the court to take a deposition "if [the] deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii). "[T]he court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . ." Fed. R. Civ. P. 30(a)(2). Rule 26 requires the court to limit discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(c). "Absent a showing of need or good cause, '[c]ourts generally disfavor repeat depositions.'" *Luan v. Advanced Title Ins. Agency, L.C.*, No. 2:13-CV-00983, 2015 WL 4773075, at *2 (D. Utah Aug. 12, 2015) (quoting *Dixon v. Certainteed Corp.,* 164 F.R.D. 685, 690 (D. Kan. 1996) (quotations omitted). Courts must "be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case." *Id*. (quotations and citation omitted); *see also Hickman v. Taylor,* 329 U.S. 495, 507 (1947) ("[T]he deposition-discovery rules are to be accorded a broad and liberal treatment.").

Good cause exists to grant BWI leave to depose Plaintiff. BWI was not a party to the case at the time the first deposition took place, and therefore was not afforded the opportunity to question Plaintiff about the claims brought against it. In the court's view, this is a vital part of BWI's ability to defend itself in this case. Some areas of inquiry may be cumulative or duplicative of Harley-Davidson's deposition; however, the court does not find the amount of overlap to be unreasonable. Additionally, the court determines that the requested deposition is within the scope of discovery permitted by Rule 26(b)(1).

BWI did not have an opportunity to depose Plaintiff during earlier proceedings, and therefore any reduction of time is unwarranted. The length of the deposition should be in accordance with Rule 30(d)(1) and the scheduling order on file with the court.

## **ORDER**

Based on the foregoing, Defendant BWI's Short Form Discovery Motion for Leave to

Reopen Plaintiff's Deposition[3] is **GRANTED**. The court authorizes BWI to take Plaintiff's deposition on a date that is mutually convenient for the parties.

    **IT IS SO ORDERED.**

    DATED this 4th day of May, 2020.

BY THE COURT:

_Paul M. Warner_
PAUL M. WARNER
Chief United States Magistrate Judge

---

[3] *See id.*